WO                                                                                            SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kee Nelson Steah, Sr., | No.  CV 21-01265-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Kee Nelson Steah, Sr., who is confined in the Arizona State Prison Complex-Yuma, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $166.58.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his three-count Complaint, Plaintiff alleges claims for constitutionally deficient medical care and denial of basic necessities.  Plaintiff sues David Shinn, the Director of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC); Corizon, a private entity which until June 30, 2019, provided medical care for ADC prisoners under a contract with ADC; Centurion, another private entity that since July 1, 2019 has provided medical care to ADC prisoners under a contract with ADC; and 21st Century Oncology. Plaintiff seeks compensatory and punitive relief.

In **Counts I** and **II**, Plaintiff alleges the following:

In 2011, Plaintiff felt a sharp pain in his right hip, which got worse in the following weeks.  Plaintiff sought medical care and his hip was x-rayed.  The doctor ordered an MRI, a PET-scan, and biopsy.  Following these tests, Plaintiff was diagnosed with plasmacytoma cancer[1] in his right hip.  In November 2011, Plaintiff was transferred to the Florence Complex, and in December 2011, he began receiving a twelve-week course of radiation therapy at 21st Century Oncology.  One day during this period, Plaintiff awoke with extreme pain in area of his right hip and he was unable to walk.  Plaintiff discussed the issue with Dr. DuPaul, a 21st Century Oncology physician.  Dr. DuPaul told Plaintiff his hip hurt so much because Plaintiff needed to use the hip more; however, the day before, Plaintiff had walked without difficulty.  Plaintiff told an ADC provider about the issue, but the provider told Plaintiff to discuss it with Dr. DuPaul.

Because he was in severe pain, Plaintiff requested an x-ray.  On February 8, 2012, Plaintiff was taken for an x-ray.  On February 15, 2012, an unidentified Corizon provider

---

[1] Plasmacytoma is a type of cancer that begins in plasma cells and may turn into multiple myeloma.  *See* https://www.cancer.gov/publications/dictionaries/cancer-terms/def/plasmacytoma (last accessed July 22, 2021).

told Plaintiff the x-ray did not show a fracture and told Plaintiff to continue his course of treatment. Plaintiff asserts the Corizon provider and Dr. DuPaul lied about the absence of a fracture, and claims his hip had "completely collapsed." (Doc. 1 at 4, 7.) Plaintiff was issued a wheelchair, which he used for approximately four months, before being issued crutches instead of the wheelchair. Plaintiff was in a "gr[e]at[] deal of pain" and walking was difficult. (*Id.*) Plaintiff requested a cane because using the crutches put pressure on his hip. At some point, Plaintiff was sent to the "hole" for unexplained reasons. (*Id.*) Plaintiff repeatedly asked an unidentified ADC provider why his hip still hurt so much but never received a "straight" answer. (*Id.*) Instead, medical staff continued giving Plaintiff pain medication without determining or addressing the cause of his pain.

On February 4, 2013, Plaintiff was sent to Insight Imaging for an MRI, and on February 6, 2013, Petitioner was sent to 21st Century Oncology. Plaintiff's oncologist did not receive the results of x-rays requested by the oncologist from Insight Imaging. According to Plaintiff, on many occasions his test results were not provided to his doctor(s) so "they" could stay on top of his cancer treatment. (*Id.*) He notes that he had to submit Health Needs Requests (HNRs) to get his 3-month check-ups and, as a normal practice, "medical" delayed his cancer check-ups. (*Id.*)

On December 28, 2017, Plaintiff submitted an HNR regarding pain in his right hip. Plaintiff was referred to a Corizon provider, then sent to Ironwood Cancer Center. There, Plaintiff received a PET-scan and full-body x-ray.

On March 3, 2018, Plaintiff returned to Ironwood where a doctor told him his last blood test had showed an "unusual spike" and that due to delays, there was a great deal of damage in his hip causing restrictions of blood to the joint, which in turn caused part of the hip bone to die.[2] The Ironwood doctor told Plaintiff that his hip had "completely collapsed" and that was the cause of his pain. The Ironwood doctor recommended a total hip replacement and told Plaintiff she would notify ADC medical staff and recommend that

_____

[2] According to Plaintiff, the Ironwood doctor asked why his evaluation had been delayed for so long.

JDDL-K

they refer Plaintiff to an orthopedic surgeon.  The Ironwood doctor also told Plaintiff that a spot on his right shoulder needed to be checked for cancer by biopsy.  As of July 7, 2021, more than three years later, Plaintiff has not received a hip replacement or a biopsy.

According to Plaintiff, the type of cancer he has spreads quickly and is very deadly, yet his treatments have been delayed and denied for months and years.  Plaintiff states that because of delays and denials by ADC providers, he is now in "Stage 3," the highest level. He has daily pain in his right hip and shoulder.  Plaintiff asked an unidentified doctor for a stem-cell transplant, but he has not received one.  Finally, Plaintiff alleges that he received chemotherapy at some point, but he fails to allege when or why he received chemotherapy.

In **Count III**, Plaintiff alleges the following:

While Plaintiff was receiving chemotherapy, he was housed in the Special Management Unit (SMU) for 14 months.  His chemotherapy made him very sick and reduced the ability of his immune system to stave off viruses and infections.  In SMU, there were rats and cockroaches "all over" his walls and floors, both carrying diseases.  (*Id.* at 6.)  At some point, Plaintiff submitted a request to an unidentified individual to be moved, but his request was denied.  While in SMU, Plaintiff was denied showers, recreation, soap, toothpaste, and sometimes toilet paper.  There was fecal matter on the walls.  Plaintiff never provided a mask or hand sanitizer; he contends neither were ever distributed. Plaintiff went weeks without soap.  The meals were cold and unfit to be eaten.  When "some[]one" was coming to inspect the food or living conditions, staff would "hide every[]thing and clean up."  (*Id.*)  Plaintiff was denied cleaning supplies and disinfectant, and roaches would crawl over his face and into his ears at night.  An unidentified nurse practitioner working in SMU laughed when he told her about the roaches telling him they were edible.  As his injury, Plaintiff alleges the above conditions threatened his life.

**IV.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Shinn

Plaintiff sues the ADC Director.  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.[3]

Plaintiff alleges no facts against Shinn.  Accordingly, Plaintiff fails to state a claim against Shinn and this Defendant will be dismissed.

### B.   Private Entities

Plaintiff sues three private entities: Corizon, Centurion, and 21st Century Oncology.

---

[3]  A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant, in this case, the State of Arizona.  *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell*, 436 U.S. at 694.  Plaintiff has not alleged that his injuries resulted from a specific policy or custom maintained at the Arizona Department of Correction.  In any event, he cannot maintain a lawsuit for damages against Shinn in his official capacity.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983).__

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff fails to allege that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by one of the above private entities. At most, Plaintiff seeks relief for acts of employees of one of these entities, i.e., relief based on a theory of respondeat superior. Accordingly, Plaintiff fails to state a claim against any of the three entities and they will be dismissed.

### C.    Medical Care

In Counts I and III, Plaintiff alleges that he was denied constitutionally adequate medical care for his cancer and pain. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure

1  to respond to a prisoner's pain or possible medical need and harm caused by the
2  indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a
3  prison official intentionally denies, delays, or interferes with medical treatment or by the
4  way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S.
5  97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

6        Deliberate indifference is a higher standard than negligence or lack of ordinary due
7  care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross
8  negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F.
9  Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458,
10  460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice"
11  do not support a claim under § 1983). "A difference of opinion does not amount to
12  deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d
13  240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to
14  state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of*
15  *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be
16  substantial. The action must rise to a level of "unnecessary and wanton infliction of pain."
17  *Estelle*, 429 U.S. at 105.

18        Plaintiff sufficiently alleges that he has serious medical conditions. However, he
19  fails to allege facts to support that any of the named Defendants acted with deliberate
20  indifference to those conditions.

21        As discussed above, Plaintiff fails to allege that his constitutional rights were
22  violated as a result of a policy, decision, or custom of any of the three entities and Plaintiff
23  has alleged no facts against Shinn. Plaintiff otherwise fails to connect his allegations
24  regarding his medical care to any named Defendant. Plaintiff alleges repeated delays and
25  denials, but he fails: to describe how and when any follow-up care was recommended or
26  prescribed, to identify and name as defendant(s) the person(s) who delayed or denied such
27  care, or to describe how and when he requested or inquired about follow-up care and any
28  responses he received to such requests.        Plaintiff alleges that Ironwood sent

recommendations to ADC medical providers, presumably Corizon providers,[4] but he does not allege that he ever inquired about or requested such follow-up care or identify when, how, and from whom he received a response.  Plaintiff also fails to allege that he has submitted requests regarding Ironwood's recommendations for a hip replacement and biopsy to Centurion providers; identify when, how, and to whom, such requests were submitted; or describe any responses to such requests.  In short, Plaintiff fails to allege facts to support that anyone acted with deliberate indifference to his serious medical needs, or to support that medical care was denied or delayed pursuant to a policy, decision, or practice of any of the named entities.  For these reason, Plaintiff fails to state a claim for denial of constitutionally adequate medical care.

### D.   Conditions of Confinement

In Count II, Plaintiff seeks relief concerning his conditions of confinement in the SMU.  To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted).  Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of a prisoner' s exposure to that condition.  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).

A plaintiff must also allege facts to support that a defendant acted with deliberate indifference.  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837

---

[4] As noted above, Corizon was contracted to provide medical care to ADC prisoners until July 1, 2019, and Plaintiff alleges the recommendations were made more than a year prior to that time.

1   (emphasis added).

2       As an initial matter, Plaintiff fails to allege when he was confined in the SMU, or

3   for that matter, why and when he received chemotherapy.[5]  Otherwise, Plaintiff does not

4   connect the allegations in Count II to any named Defendant.  Further, Plaintiff has failed

5   to allege when and from whom he sought cleaning and other supplies; describe their

6   response(s), if any; and name as defendants the person(s) who allegedly acted with

7   deliberate indifference to his conditions of confinement.  Plaintiff therefore fails to state a

8   claim for conditions of confinement against the named Defendants.

9   **V.   Leave to Amend**

10      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

11  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

12  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

13  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

14  to use the court-approved form, the Court may strike the amended complaint and dismiss

15  this action without further notice to Plaintiff.

16      Plaintiff must clearly designate on the face of the document that it is the "First

17  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

18  entirety on the court-approved form and may not incorporate any part of the original

19  Complaint by reference.  Plaintiff may include only one claim per count.

20      A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*,

21  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

22  1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint

23  as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the

24  original Complaint and that was voluntarily dismissed or was dismissed without prejudice

25  is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693

26  F.3d 896, 928 (9th Cir. 2012) (en banc).

27  _____

28      [5]  Plaintiff does not allege in Counts I or III when and why he received chemotherapy.  Such allegations appear relevant to those claims and whether claimed delays or denials of treatment were due to receiving chemotherapy.

**VI.    Warnings**

    **A.    Release**

        If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

        Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

        Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

        If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

JDDL-K

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $166.58.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 28th day of July, 2021.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                    U.S. District Court Clerk
U.S. Courthouse, Suite 130              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10   405 West Congress Street
Phoenix, Arizona   85003-2119          Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

    A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name: _____
        Address:_____
                 Attorney for Defendant(s)

        _____
        (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
       ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
       ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
       ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed
as: _____ at_____.
       <span style="text-align:center">(Position and Title)</span>                                                                  (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
       <span style="text-align:center">(Position and Title)</span>                                                                  (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
       <span style="text-align:center">(Position and Title)</span>                                                                  (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at_____.
       <span style="text-align:center">(Position and Title)</span>                                                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**D.   CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                       ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?                               ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?              ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
       your institution?                                      ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
       did not.   _____
       _____.

4

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                        ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count III?                      ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?            ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                       DATE                                      SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6