WO                                                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kee Nelson Steah, Sr., | No. CV 21-01265-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Kee Nelson Steah, Sr., who is confined in the Arizona State Prison Complex (ASPC)-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. The Court granted the Application and dismissed the Complaint with leave to amend. Plaintiff has filed a First Amended Complaint (Doc. 9). The Court will order Defendants Corizon and Centurion to answer Count I of the First Amended Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff alleges claims for constitutionally deficient medical care and threat to safety. Plaintiff sues David Shinn, the Director of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC); ADC; Corizon, a private entity which until June 30, 2019, provided medical care for ADC prisoners under a contract with ADC; and Centurion, another private entity that since July 1, 2019, has provided medical care to ADC prisoners under a contract with ADC. Plaintiff seeks injunctive, compensatory, and punitive relief.

In **Count I**, Plaintiff alleges the following:

In 2011, Plaintiff felt a sharp pain in his right hip, which got worse in the following weeks. Plaintiff sought medical treatment by submitting a Health Needs Request (HNR). Plaintiff was seen by Nurse Practitioner (NP) Jane Doe (a non-party), who ordered an x-ray of his hip. Two or three weeks later, NP Doe told Plaintiff he needed an MRI, but Defendant Corizon denied authorization for an MRI. Plaintiff submitted a grievance and subsequently received an MRI, a PET-scan, and a biopsy. Two months later, Plaintiff was diagnosed with plasmacytoma[1] in his right hip. In November 2011, Plaintiff was transferred to the East Unit in the Florence Complex, and subsequently received radiation treatment. A year later, apparently in late 2012, Plaintiff awoke to find he was unable to walk and could not move his hip and leg. Nurse Jane Doe told Plaintiff "Centurion"[2] denied Plaintiff's request for cancer treatment and hip replacement because of the cost. Plaintiff asserts this was part of the customs, policies, and practices of the entity then-providing Plaintiff medical care. Plaintiff asserts his due process rights were also violated as a result of those customs, policies, and practices. According to Plaintiff, Defendant Shinn knew via several emergency grievances about his health issues and denial of medical care for his hip and cancer. Plaintiff alleges he also sent grievances to Corizon, which failed to provide him care because of the cost. Plaintiff claims Corizon and Centurion's policies for providing care were or are inadequate. After Centurion became the medical care provider, Plaintiff saw Dr. Jauregui, who is the provider treating his cancer.

On March 3, 2018, Dr. Jane Doe, a cancer specialist at Ironwood Cancer Center in Mesa, ordered or recommended that Plaintiff's hip be replaced and opined that Plaintiff

---

[1] Plasmacytoma is a type of cancer that begins in plasma cells and may turn into multiple myeloma. *See* https://www.cancer.gov/publications/dictionaries/cancer-terms/def/plasmacytoma (last accessed Dec. 7, 2021).

[2] As noted above, Centurion did not become responsible for providing medical care to ADC prisoners until July 1, 2019. From July 1, 2012, until March 4, 2013, Wexford provided inmate health care under a contract with ADC. Defendant Corizon became responsible for medical care for ADC prisoners, effective March 4, 2013. Presumably, NP Doe referred to either Wexford or ADC, which prior to Wexford, was responsible for providing medical care to ADC prisoners.

needed a shoulder biopsy to "stop the spread of [his] can[c]er." Plaintiff told Dr. Doe that Corizon had denied a consult for the biopsy and hip replacement. Dr. Doe, upset, again ordered a shoulder biopsy and hip replacement. Three times, Dr. Doe ordered a biopsy and hip replacement, but Centurion denied all three recommendations or orders. Both Corizon and Centurion have refused to provide Plaintiff a biopsy and hip replacement.

Plaintiff's right hip has collapsed, and he is in pain daily and unable to perform normal activities of daily living, including walking and sitting.

In **Count II**, Plaintiff alleges the following:

On March 11, 2020, a public health emergency was declared in Arizona as a result of the COVID-19 pandemic. On March 19, 2020, temporary closure of businesses and social distancing were ordered. In addition, use of face masks and gloves became common. Despite COVID-19, at ASPC-Yuma's La Paz Unit, up to 100 prisoners, including Plaintiff, are "crammed" into a dorm, and there is no social distancing. Access to soap and disinfectants is scarce. Face masks are not provided, and policy prohibits the wearing of face masks, which places Plaintiff's life at risk. La Paz Unit medical staff and Deputy Warden Towns know of Plaintiff's cancer and other medical issues but have acted with disregard to dangers to his health. Plaintiff is housed in a congregate setting with prisoners, and living, eating, and sleeping in close proximity to them increases his risk of contracting COVID-19. Plaintiff also alleges that the lack of sanitation, limited medical care, and limited access to hygiene productions, in addition to his cancer, exacerbate his risk of contracting COVID-19. According to Plaintiff, he and other prisoners in the unit are not provided "appropriate: cleaning supplies, gloves, or masks," and are unable to socially distance and disinfect. Plaintiff claims Defendants are exposing him to dangerous conditions and exposing him to potentially fatal illness if he contracts COVID-19.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   ADC

Plaintiff names ADC as a Defendant.  Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' within the meaning of § 1983."  *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).  Likewise, "'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983."  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the Court will dismiss Defendant ADC as a Defendant.

### B.   Shinn

Plaintiff sues the ADC Director.  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor*, 880 F.2d at 1045.  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff alleges he submitted emergency grievances to Shinn without alleging approximately when he submitted such grievances, what he grieved, or how and when Shinn responded.  Absent more, Plaintiff fails to sufficiently state a claim against Shinn, and this Defendant will be dismissed.

. . . .

### C.     Threat to Safety

In Count II, Plaintiff asserts his conditions of confinement, particularly in light of COVID-19, pose threats to his health.  A claim for threat to safety arises under the Eighth Amendment as to convicted inmates.  *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979).  To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id*. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  *Id*.  Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

Plaintiff fails to allege facts to support that any properly named Defendant knew of and acted with deliberate indifference to a substantial risk to his safety.  Plaintiff alleges unidentified medical staff and non-party Deputy Warden Towns knew of his medical condition, which potentially put him at greater risk if he contracted COVID-19, but these persons are not named as Defendants.  As a result, Plaintiff fails to state a claim for threat to safety in Count II and it will be dismissed.

### IV.    Claim for Which an Answer Will Be Required

Plaintiff sues Corizon and Centurion.  Plaintiff alleges that Corizon and then Centurion denied procedures recommended by Plaintiff's oncologist, namely a shoulder biopsy and a replacement of his collapsed right hip.  Plaintiff alleges that both did so pursuant to a custom, policy, and practice of avoiding costs for such procedures.  Plaintiff sufficiently alleges that these Defendants had a custom, policy, and/or practice and that he was denied medically appropriate treatment for his medical condition(s).  Plaintiff further alleges he has suffered injury in the form of ongoing pain and, potentially, spread of his

cancer. The Court will require Defendants Corizon and Centurion to respond to Count I of the First Amended Complaint.

## V. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count II is **dismissed** without prejudice.

(2) Defendants Arizona Department of Corrections, Reentry, and Rehabilitation

and Shinn are **dismissed** without prejudice.

(3) Defendants Corizon and Centurion must answer Count I.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendants Corizon and Centurion.

(5) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TERMPSREF**

summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)    Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(13)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 16th day of December, 2021.

*James A. Teilborg*
Senior United States District Judge

TERMPSREF

- 10 -