WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kee Nelson Steah, Sr., | No. CV-21-01265-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Defendant Corizon Health, Inc. has filed a Suggestion of Bankruptcy and Notice of Automatic Stay under 11 U.S.C. § 362(a) (Doc. 57). Defendants in this action are Corizon Health Care and Centurion Healthcare (Doc. 10). While the automatic stay under Section 362 of the Bankruptcy Code is automatic as to Corizon, it does not appear this stay extends to stay Plaintiff's claims against the remaining Defendant. The Ninth Circuit has stated:

> As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."

*In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Office Prods.,* 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Further, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Placido v. Prudential Ins. Co. of Am.,* 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010) ("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the

1   bankruptcy court must issue an extension of the stay under its jurisdiction.")

2   (citing *Boucher v. Shaw,* 572 F.3d 1087, 1093 (9th Cir. 2009)).  A party seeking to extend

3   the stay to co-defendants or others must affirmatively seek an order from the bankruptcy

4   court.  *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1268 (C.D. Cal.

5   2016).[1]

6          The Court will therefore direct each party to file a response reflecting their positions

7   on the effect of the automatic bankruptcy stay as to the remainder of this action, including

8   resolution of the pending motions for summary judgment.[2]

9          Defendant Centurion has also moved for clarification regarding whether the

10  bankruptcy stay applies to Centurion and whether Centurion may file a reply in support of

11  its motion for summary judgment without violating the automatic stay rules.  As the cases

12  cited herein indicate, the *automatic* stay does not appear to apply to Centurion.  Moreover,

13  the bankruptcy court, not this Court, would extend the automatic stay to Centurion if

14  appropriate.  Therefore, while the Court will allow the parties to brief their respective

15  positions and intentions regarding the bankruptcy, it is unlikely this Court would be the

16  forum to extend the automatic stay to Centurion.

17         Based on the foregoing,

18         **IT IS ORDERED** that no later than March 10, 2023 each party must file a response

19  as directed herein.

20         **IT IS FURTHER ORDERED** that the motion for clarification (Doc. 61) is granted

21  to the limited extent that the deadline for Defendant Centurion to file a reply in support of

22

23  [1] The acts prohibited by the stay do not include: (a) a continuance, extension or stay of a
    non-bankruptcy proceeding; or (b) a status hearing in such proceeding to ascertain if the
24  automatic stay still applies.  *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re
    Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021).

25  [2] Ultimately, however, Plaintiff is required to prosecute this case.  *See O'Donnell v. Vencor
    Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (stay did not preclude dismissal of case against
26  debtor based on plaintiff's failure to prosecute).  To that end, Plaintiff generally must either
    dismiss his claim against Defendant Corizon and pursue that claim in bankruptcy court or
27  file a motion in the bankruptcy court to lift the automatic stay to permit his claim against
    Corizon to proceed in this Court.  Plaintiff's response should indicate his intended course
28  of action.  The Court notes, however, that it is not inclined to grant an indefinite stay of
    Plaintiff's claim against Corizon.

its motion for summary judgment is extended to March 30, 2023.  (The reference to the Magistrate Judge is withdrawn only as to Doc. 61).

Dated this 2nd day of March, 2023.


James A. Teilborg
Senior United States District Judge